501 P.2d 631

**Thomas Duaine DANKS, Plaintiff and Appellant,**

**v.**

**John W. TURNER, Warden, Utah State Prison, Defendant and Respondent.**

**No. 12874.**

Supreme Court of Utah.

Sept. 25, 1972.

Crockett, J., concurred and filed opinion.

Ellett, J., concurred in result and filed opinion.

Bruce C. Lubeck, Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, William T. Evans, Asst. Attys. Gen., Salt Lake City, for defendant-respondent.

HENRIOD, Justice:

Appeal from the denial of a petition for writ of habeas corpus. Affirmed.

Danks says 1) the lower court had no jurisdiction to try him for robbery, and 2) it was error to admit what he claimed was evidence illegally obtained, which latter point summarily we conclude to be without merit on the record.

As to 1): The statute relied on [1] says that after written request for disposition of a pending criminal case, a defendant shall be "brought to trial" within 90 days, unless for good cause shown in court, the prisoner or his counsel being present, a "necessary or reasonable continuance" is granted. Danks made such a written request on November 9th. An information was filed on December 18th, and trial set for February 2d. Subpoenas were not issued soon enough,—no fault of the court,—so that the trial could not proceed. Nonetheless, defendant's counsel alertly suggested February 4th as the trial date, which offer the trial court rejected for almost obvious reasons, although there is nothing specific in the record in this regard. One might suggest that in protecting his client at every juncture, defense counsel justifiably invited error. On the other hand, one also might suggest that, under such circumstances, as an officer of the court, counsel better might have respected the court's conclusion by insisting on a clear statement of reasons therefor, knowing that the 90th day would fall on the Sabbath, followed by the trial date, lonely in its secularity,—a blue Monday,—which just happened to be the 91st day. One might perplex oneself by speculating on tactics employable by equally alert counsel, had the trial court set the trial date on the 90th day, the Sabbath Day, the Sunday of February 7th.

We think the court's conclusion, albeit there may have been negligence in serving subpoenas, reflected good cause shown in open court while counsel was present, and that it pierced the veil of stratagem entertained and that to have indulged the luxury of any other bent or explanation would have been somewhat useless, where the matter was discretionary, and where the record of events here reflects no abuse thereof.

CALLISTER, C. J., and TUCKETT, J., concur.

CROCKETT, Justice (concurring).

I concur with the main opinion, and point out that the correctness of its conclu-

1. Title 77–65–1, U.C.A.1953, L.Utah 1965, Ch. 157, Sec. 1; Vol. 8, U.C.A.1953, Pocket Supp. 1971, p. 195.

sion is further supplemented by Rule 6(a), U.R.C.P., which provides that:

> . . . In computing any period of time prescribed or allowed by these rules, . . . by order of court, *or by any applicable statute,* . . . The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day. . . .

ELLETT, Justice (concurring in the result).

I concur in the result based upon the holding of this court in the cases of State v. Belcher, 25 Utah 2d 37, 475 P.2d 60 (1970); and State v. Clark, 28 Utah 2d 272, 501 P.2d 274 (1972).